IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sandra Williamson, | Civil Action No.: 2:21-cv-95-RMG |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| Wal-Mart Stores East, L.P. and Christopher Dodson, Store Manager, | |
| Defendants. | |

Defendants Wal-Mart Stores East, L.P. and Christopher Dodson, Store Manager (hereinafter "Defendants"), file this Notice of Removal of the above-titled action to the United States District Court for the District of South Carolina, Aiken Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. The action was filed in the Court of Common Pleas for Colleton County, South Carolina, Case No. 2020-CP-15-00635. No further proceedings have been filed and the Summons and Complaint constitute all process, pleadings, and orders served in this action. A copy of this Notice of Removal is being filed with the Clerk of Court for the Court of Common Pleas for Colleton County, South Carolina where the action is currently pending in order to effect removal pursuant to 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

1. The above-titled action was instituted by Plaintiff through service of a Summons and Complaint filed on October 21, 2020, in the Court of Common Pleas for Colleton County, South Carolina. A copy of the entire contents of the Colleton County file in the State Court Action is attached hereto as Exhibit 1, pursuant to 28 U.S.C. § 1446(a). Defendant Wal-Mart Stores East, LP was served with the Summons and Complaint on December 11, 2020, by process server on the

registered agent, CT Corporation.  Defendant Christopher Dodson, Store Manager was served with the Summons and Complaint on December 16, 2020, by process server. This Notice of Removal is being filed within thirty (30) days of the date of service on Defendants. 28 U.S.C. § 1446(b).

2.  There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action could have originally been filed in this court pursuant to 28 U.S.C. § 1332. Specifically, this suit is removable because there is complete diversity between the Plaintiff and Defendants. Further, Plaintiff did not allege any specific amount of damages and the amount in controversy as to Plaintiff's claim exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interests and costs.

3.  At the time of commencement of the action, Plaintiff is a citizen and resident of South Carolina.

4.   Wal-Mart Stores East, L.P., was, and still is, a corporate entity organized and existing under the laws of a state other than South Carolina and having its principal place of business in a state other than South Carolina.  Compl. at ¶ 2.  Specifically, pursuant to 28 U.S.C. § 1332(c)(1), Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas, as it is a Delaware corporate entity with its principal place of business in Arkansas.

5.  Defendant Dodson is fraudulently[1] an in-state defendant to this action, as there is no possibility that Plaintiff would be able to establish a cause of action against him.  *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *see*

---

[1] "'Fraudulent joinder' is a term of art, it does not reflect on the integrity of [the] plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists. In other words, a joinder is fraudulent if there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (alterations and omission in original) (internal quotation marks omitted).

*also Mayes v. Rapaport*, 198 F.3d 457, 464 (4th Cir. 1999) ("[I]n determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record . . . .'" (quoting *AIDS Counseling*, 903 F.2d at 1004)). South Carolina negligence law does not create "an affirmative duty to maintain safe premises of a store merely by virtue of being an employee, absent some evidence of more substantial level of control of the business. To hold otherwise would expose lower management and hourly employees to burdensome personal liability every time an individual is injured within a store." *Benjamin v. Wal-Mart Stores Inc.*, 413 F.Supp.2d 652, 656-57 (2006). This Court has held that "[i]n considering whether an individual has exercised such control of the premises . . . a court will generally consider the individual's power or authority to manage, direct, superintend, restrict, regulate, govern administer, or oversee the management of the property." *Id*. at 656.

6. Plaintiff correctly alleges that, at the time of the incident, Defendant Dodson was the manager of Wal-Mart store #1358 in Walterboro, South Carolina. *See* Pl.'s Compl. at ¶ 3. However, Plaintiff's alleged incident actually occurred at Wal-Mart Store #795 in Barnwell, South Carolina. A fact that is confirmed by Plaintiff's Counsel in a letter to Walmart Claims Services, dated August 1, 2019. See Exhibit 2. Defendant Dodson did not maintain any evel of control over the Barnwell store on the date of the incident because he was a manager at that store. *See also Benjamin v. Wal-Mart Stores Inc.*, 413 F.Supp.2d 652, 656-57 (2006); *see also S.C. Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E Underwriters Risk Retention Group*, 347 S.C. 333, 554 S.E.2d 870, 875 (S.C. Ct. App. 2001) (providing an example of South Carolina court's determination of substantial exercise of control, where a manager of a business, who, along with her husband, owned sixty percent of the stock in the business was deemed to effectively control what took place on the premises). Thus, there is no legal possibility of legal recovery against Defendant Dodson

in the present action, and Plaintiff fraudulently joined in-state Defendant Dodson. Accordingly, Defendant Dodson's citizenship cannot be considered in determining complete diversity.

7. Accordingly, Plaintiff is a citizen of South Carolina and the properly joined and served Defendant Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas. Therefore, there is complete diversity of citizenship in this action.

8. Plaintiff's Complaint arises from an incident in which Plaintiff was in a Wal-Mart retail store located in Barnwell County, South Carolina, when she allegedly slipped and fell in a clear liquid on the frozen food aisle. Compl. at ¶ 5. Plaintiff alleges negligence on the part of Defendants. Compl. at ¶ 8. Plaintiff also claims that, as a result of the alleged incident, she sustained serious bodily injuries, incurred past and future medical costs associated with those injuries, and endured emotional distress, pain, and suffering. Compl. at ¶ 6. Plaintiff seeks an award of actual and punitive damages. Compl. at ¶ 12.

9. Defendants hereby give counsel for Plaintiff written notice of the removal of this action and will provide a copy of the filed Notice of Removal to the Clerk of Court for Colleton County, as required by 28 U.S.C. § 1446(d).

10. Defendants file this Notice of Removal within thirty (30) days of the receipt of Plaintiff's Complaint in the state court action, which was the first pleading received by Defendants setting forth the claims for relief upon which this action is based.

WHEREFORE, Defendants respectfully submit this Notice of Removal this 8th day of January 2021.

                                        *s/Christina M. Summer*
                                        Christina M. Summer, Federal ID No. 07698
                                        Sara Brakmann, Federal ID No. 13218
                                        **GAFFNEYLEWIS LLC**
                                        3700 Forest Drive, Suite 400
                                        Columbia, South Carolina 29204
                                        803.790.8838 (Telephone)
                                        803.790.8841 (Fax)

January 8, 2021                          *Attorneys for Defendants*